**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3801
_____

ROBERT A. DOMBROSKY,

Appellant

v.

RAYMOND BANACH; ROBERT BROWN; LESTER BUCHANAN;
ROBERT EWBANK; PAUL FISCHER; RICHARD GASSMAN;
JAMES MUIR; ROBERT STEVENS; CHAD STEWART;
EASTERN PIKE REGIONAL POLICE COMMISSION;
WESTFALL TOWNSHIP

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-09-cv-02579)
District Judge: Honorable A. Richard Caputo

Submitted under Third Circuit LAR 34.1 (a)
on July 18, 2013

Before: RENDELL, SMITH and ROTH, Circuit Judges

(Opinion filed: February 12, 2014)

O P I N I O N

**ROTH**, Circuit Judge:

Robert A. Dombrosky appeals the District Court's May 24, 2012, order granting summary judgment in favor of Eastern Pike Regional Police Commission; Commissioners Robert Brown, Lester Buchanan, Paul Fischer, Richard Gassman in their official capacities; and Chad Stewart, in his capacity as Chief of the Eastern Pike Police Department. For the following reasons, we will affirm the District Court's order.

## I.	Factual Background

Dombrosky was hired as a police officer by Westfall Township Police Department (WTPD) on September 30, 1998. On July 16, 2007, Dombrosky was charged with criminal violations in Port Jervis, New York, that were unrelated to his job. The Westfall Township Board of Supervisors held an executive meeting with Dombrosky on September 6, 2007, to determine his employment status while the charges were pending. The Supervisors and Dombrosky agreed that Dombrosky would take an unpaid leave of absence pending resolution of the charges. They agreed that if Dombrosky was not convicted, he would be returned to active duty with back pay.

On October 4, 2007, Westfall Township and Matamoras Borough entered into a Regionalization Agreement that provided for a merged, unified police department. The Agreement created a joint commission, the Eastern Pike Regional Police Commission, which was responsible for supervising the newly formed Eastern Pike Police Department (EPPD). The Regionalization Agreement became effective on January 7, 2008. Ralph Burger and Defendants Robert Brown, Paul Fischer, Richard Gassman, and Robert Stevens became Commissioners. The Commission appointed as Chief of Police Defendant Chad Stewart, who was then serving as Chief of Police for Westfall Township.

2

Before the EPPD began operation, Stewart compiled a list of active officers in the WTPD that would be transferred to the EPPD. Because the charges against Dombrosky had not yet been resolved and he was not an active-duty officer, Stewart did not include him on the list.

On February 19, 2008, Dombrosky had a hearing on his criminal charges in Port Jervis. The judge dismissed one of the charges and acquitted Dombrosky of the other charge after a bench trial.

Dombrosky then contacted Stewart to inform him about the resolution of the charges. Stewart told Dombrosky that he would notify the Commission and the Board of Supervisors' secretary. He also told Dombrosky that the Commission was going to schedule a meeting in late February to discuss Dombrosky's reinstatement. Dombrosky later sent a letter to the Westfall Supervisors requesting reinstatement and back pay. On February 21, Dombrosky received a letter stating that his employment with the WTPD had been terminated on January 7, 2008, when the WTPD was merged into the EPPD.

## II.    Procedural Background

Dombrosky filed suit on December 31, 2009, against Westfall Township, its supervisors Raymond Banach, Lester Buchanan, Robert Ewbank, Paul Fischer, and James Muir (collectively, the "Westfall Defendants"), Eastern Pike Regional Police Commission, its Commissioners Robert Brown, Lester Buchanan, Paul Fischer, Richard Gassman, Robert Stevens and EPPD Chief Chad Stewart (collectively, the "Eastern Pike

3

Defendants").[1]  The complaint asserted four causes of action:  (1) a Fourth Amendment Due Process claim pursuant to 42 U.S.C. § 1983 against all Defendants, (2) a violation of the Pennsylvania Police Tenure Act against all Defendants, (3) a breach of contract claim against all Defendants except Raymond Banach,[2] and (4) a violation of the Contract Clause of the Constitution by the Westfall Defendants.

The Westfall Defendants and Eastern Pike Defendants filed cross-claims against each other for contribution and/or indemnity.

Four motions for summary judgment came before the District Court.  On May 24, 2012, the District Court granted summary judgment in favor of the Eastern Pike Defendants.  The District Court denied motions for summary judgment brought by the Westfall Defendants and by Defendant Banach.  The District Court also granted summary judgment in favor of Dombrosky on the issue of liability as to the Police Tenure Act and contract claims against the Westfall Defendants.[3]

On September 11, 2012, pursuant to an agreement between the parties, the District Court dismissed Defendants Westfall Township, and Raymond Banach, Robert Ewbank, and James Muir in both their individual and official capacities and Defendants Lester

---

[1] Buchanan and Fischer are members of both sets of defendants because they were members of both the Westfall Township Board of Supervisors and the Eastern Pike Regional Police Commission.

[2] Banach did not join the Board of Supervisors until after the contract between the Board and Dombrosky was made.

[3] The District Court found that the Westfall Defendants deprived Dombrosky of his Due Process rights and breached a contract between Dombrosky and Westfall Township. Dombrosky has received back pay from Westfall Township and has settled all other claims with the Westfall Defendants.

4

Buchanan, Paul Fischer, and Chad Stewart in their official capacities with Westfall Township.

Dombrosky now appeals the dismissal of the Eastern Pike Defendants in the District Court's May 24, 2012, order.

## III.    Appellate Jurisdiction

A letter from the Clerk of this Court dated October 10, 2012, advised the parties of a potential issue concerning this Court's appellate jurisdiction.  The letter stated that "the Westfall Defendants' cross-claims against the Eastern Pike Regional Police Commission may still be pending."  If this were the case, the judgment of the District Court would be non-final under Federal Rule of Civil Procedure 54(b) and this Court would lack jurisdiction under 28 U.S.C. § 1291.  *See, e.g.*, *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005); *see also Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) ("This is equally true [when] the unresolved claim was . . . a cross-claim.") (internal citation omitted).

However, "an otherwise non-appealable order may become final for the purposes of appeal where a [party] voluntarily and finally abandons the other claims in the litigation." *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 382 (3d Cir. 1996).

Here, all parties, including cross-claimants, agree that the Westfall Defendants' cross-claims against the Eastern Pike Regional Police Commission and the Commission Defendants' cross-claims against the Westfall Defendants are moot because judgments have been entered dismissing all of plaintiffs' claims.  The parties also agree that the cross-claims for contribution and/or indemnification were conditioned upon plaintiff

5

obtaining a recovery against cross-claimants. Additionally, the cross-claimants have not pursued their respective cross-claims and the District Court's most recent order directed the Clerk to mark the case "closed."

We therefore find that any outstanding cross-claims have been voluntarily and finally abandoned by the parties, *cf. Bethel*, 81 F.3d at 382. Thus, the District Court has issued a final order in this case and this Court has appellate jurisdiction under 28 U.S.C. § 1291.

## IV.    Discussion

"We review the District Court's grant of summary judgment *de novo*, applying the same standard the District Court applied. Summary judgment is appropriate where there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law." *Alcoa, Inc. v. United States*, 509 F.3d 173, 175 (3d Cir. 2002) (citations omitted).

The District Court determined that there was no basis for imposing liability on the Eastern Pike Defendants. Neither the Eastern Pike Regional Police Commission nor the EPPD ever employed Dombrosky. Neither was a party to the agreement that Dombrosky would be reinstated and receive back pay upon the dismissal of the criminal charges in Port Jervis. Dombrosky premised his theory of the Eastern Pike Defendants' liability on the notion that successor municipal corporations are subject to the existing legal obligations of the preceding municipal corporation. The District Court found, however, that the Eastern Pike Regional Police Commission and Police Department are not

6

municipalities, but rather branches of the municipalities of Westfall Township and Matamoras Borough.

Dombroksy alleged the Police Tenure Act affords police officers a property right and that deprivation of that right constitutes a Due Process violation. The District Court agreed and granted summary judgment for Dombrosky as to the Westfall Defendants. Dombrosky now asserts that the District Court erred in finding that his continuing employment with the EPPD was not also protected by the Police Tenure Act. We disagree.

The Police Tenure Act applies "to each township of the second class, to each borough and township of the first class having a police force of less than three members." 53 Pa. Stat. § 811. It provides that "[n]o person employed as a regular full time police officer in any police department of any *township of the second class, or any borough or township of the first class* within the scope of this act . . . shall be suspended, removed or reduced in rank" except for enumerated reasons. *Id.* § 812 (emphasis added). The Police Tenure Act provides protections for officers employed by towns and boroughs. It does not apply to officers employed by regional police departments. *See Maule v. Susquehanna Reg'l Police Comm'n*, No. 04-05933, 2007 WL 284457, at *8 (E.D. Pa. Sept. 27, 2007). Furthermore, even if the Police Tenure Act applied to the Eastern Pike

7

Regional Police Commission, Dombrosky would not have accrued any protections under it because he was never employed by the Commission.[4]

Dombrosky argues that he had a contractual right to continued employment that survived the merger of Westfall Township and Matamoras Borough. Because Eastern Pike Regional Police Commission was not party to the contract, Dombrosky alleges that the Commission assumed the liabilities of Westfall Township when the police departments merged. Pennsylvania law provides that when municipalities merge, "[a]greements and contracts remain in force" and "[d]ebts, liabilities and duties of each of the municipalities shall be attached to the consolidated or merged municipality and may be enforced against it." 53 Pa. Cons. Stat. § 740(c). However, the statute applies only to municipalities. "Municipality" is defined as: "Every county other than a county of the first class, every city other than a city of the first or second class, and every borough, incorporated town, township and home rule municipality other than a home rule municipality which would otherwise be a city of the first or second class." *Id.* § 732. As the District Court pointed out, the Eastern Pike Regional Police Commission and EPPD are a commission and a police department respectively. Neither is a county, city, borough, town, township, or home rule municipality. Thus, section 740 would not apply to the Commission or the Police Department. Moreover, Westfall Township and Matamoras Borough did not merge to create the Eastern Pike Regional Police Commission. They still exist as independent and separate municipalities. The

---

[4] Dombrosky also argues that the "reorganization exception" to the Police Tenure Act does not apply. Because we find that the Police Tenure Act does not apply to Eastern Pike Regional Police Commission in any event, we do not address this exception.

8

Regionalization Agreement merely formed a joint police department. Thus, even if the Commission was a municipality under the meaning of section 732, it was not formed by the merging of two municipalities so that the Commission would have assumed the debts, contracts, or liabilities of Westfall Township or Matamoras Borough.

Dombrosky contends that the District Court erred in dismissing the Eastern Pike Commissioners because they were personally involved in or acquiesced to actions taken by the Commission. This argument fails for the same reasons given above. The Commission never employed Dombrosky and it was not a party to any contract with Dombrosky. Similarly, because the individual Eastern Pike Defendants did not employ Dombrosky and were not party to any contract with Dombrosky, they bear no liability on his Due Process or contract claims.

Dombrosky asserts that the District Court erred in granting summary judgment in favor of Police Chief Chad Stewart. Dombrosky states that Stewart guaranteed him that he would still have his job in the newly formed police department. Other than this, Dombrosky alleges no additional basis of liability against Stewart. Thus, the District Court did not err in granting summary judgment for Stewart.

Finally, Dombrosky argues that the Eastern Pike Regional Police Commission is a "person" under Section 1983. Even if this were the case, Dombrosky has pointed to no error by the District Court regarding this determination, nor has he explained how a finding that the Commission is a "person" would alter any findings the District Court made.

V.    **Conclusion**

9

For the foregoing reasons, we will affirm the District Court's May 24, 2010, order granting summary judgment in favor of the Eastern Pike Regional Police Commission, Commissioner Robert Brown, Commissioner Lester Buchanan, Commissioner Paul Fischer, Commissioner Richard Gassman, Commissioner Robert Stevens, and Chief Chad Stewart.